

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00183-CR

_____

STEVEN DEON JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 22653

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

On January 17, 2008, as part of a police operation to identify and arrest drug dealers, the Paris Police Department obtained a room at the Kings Inn in Paris, Lamar County, Texas, and placed a hidden camera inside. The police had James Lewis Liggins, a confidential informant, occupy the room, and they planned to have him call drug dealers until one came to Liggins's room and sold him drugs. When the telephone in Liggins's room did not work, he went to a local club, spoke with Steven Deon Jones, and told him that Liggins "would need $200 worth of crack cocaine." Liggins, Jones, and a third party met in Liggins's room at the Kings Inn, and Jones sold Liggins crack cocaine for $200.00. Jones was arrested later and convicted of delivery of more than one gram but less than four grams of cocaine, while within a drug-free zone, and sentenced to twenty years' in imprisonment.[1]

On appeal, Jones contends that (1) Section 481.112 rather than Section 481.134 of the Texas Health and Safety Code is the proper statute of offense, and (2) the evidence is legally and factually insufficient to prove the address of the playground.

We addressed Jones's points of error in detail in our opinion of this date on Jones's appeal in cause number 06-08-00181-CR, and for the reasons stated therein, we 1) sustain Jones's first point of error and reform the judgment to name "Section 481.112 of the Texas Health & Safety Code" as the statute of offense, and 2) overrule his second and third points of error.

---

[1]The amount of drugs in Jones's possession made the offense a second-degree felony. TEX. HEALTH & SAFETY CODE ANN.§ 481.102 (Vernon Supp. 2008), § 481.112 (Vernon 2003).

As reformed, we affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted:   September 14, 2009
Date Decided:    October 22, 2009

Do Not Publish